UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:13-CR-21-TBR

UNITED STATES OF AMERICA                                                                     PLAINTIFF

v.

GERALD BURNHAM                                                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Gerald Burnham's Motion for Compassionate Release. [DN 44]. The government has filed a response. [DN 48]. This matter is ripe for adjudication. For the reasons stated herein, Defendant's Motion for Compassionate Release, [DN 44], is DENIED.

**BACKGROUND**

In May 2014, Defendant pled guilty to receipt of child pornography and possession of child pornography. [DN 36]. Subsequently, this Court sentenced Defendant to a 180-month term of imprisonment and supervised release for life. *Id.* Currently, Defendant has served approximately 78 months of his 180-month sentence. In the instant Motion, Defendant argues that his age, health condition, and the coronavirus constitute "extraordinary and compelling reasons" under the First

Step Act that warrant a reduction in his sentence to home confinement. [DN 44]. According to Defendant, he is seventy-nine years old and suffers from high blood pressure, a dislocated hip, and partial deafness. *Id.* at 198. If released, Defendant would live in his home that he owns and support himself though Social Security, Federal Retirement, and Private Annuity. *Id.* at 199; *and see* [DN 51 at 362]. In response, the Government argues (1) Defendant's claims do not rise to the level of "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A); (2) Defendant does not qualify for a sentence reduction under 18 U.S.C. § 3553(a) based on the nature and of his crime and the length remaining on his 180-month sentence; and (3) the home-confinement statutes, 18 U.S.C. § 3624(c) and 34 U.S.C. § 60541(g), do not contain any provision for judicial review. [DN 48 at 215–16].

## LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed except that-
   (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "Under the [First Step Act], courts are now permitted to 'consider motions by defendants for compassionate release without a motion' by the BOP Director so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Logan*, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020).

When determining whether to grant compassionate release, courts must analyze the following factors: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a). *United States v. Marshall*, No. 3:16-cr-00004-JHM, 2020 WL 114437, *1 (W.D. Ky. Jan 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

First, the Court must determine whether extraordinary and compelling reasons justify a sentence reduction. Congress has not defined what constitutes an "extraordinary and compelling" reason; however, it has charged the Sentencing Commission with "describing what should be considered extraordinary and compelling reasons for sentence reductions, including the criteria to be applied and a list of specific examples." *United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *4 (E.D. Va. Feb. 10, 2020) (quoting 29 U.S.C. §994(t)). The Sentencing Commission commentary provides that extraordinary and compelling reasons may exist due to the defendant's medical condition:

> (A) Medical Condition of the Defendant.
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is-
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the    defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, --- F.Supp.3d. ----, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, because the Director of the BOP did not move for compassionate release, the First Step Act allows Defendant to move for it on his own behalf. But to do that, he must "fully exhaust all administrative rights to appeal" with the prison or wait 30 days after his first request to the

prison. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). However, in this case, Defendant submitted the instant motion to the Court on June 24, 2020, [DN 44 at 208]; and he submitted his Release Plan to the Warden the following day, June 25, 2020. [DN 51 at 362]. Defendant has not exhausted his admirative appeals because he filed the instant motion in federal court the day before he sent his request to the Warden. Subsequently, on July 27, 2020, the Warden denied Defendant's request for a reduction in sentence based on his concerns about COVID-19. *Id.* at 361. Thus, the Court cannot find that Defendant exhausted his administrative remedies on this basis.

In his motion, Defendant contends he is excused from the 18 U.S.C. § 3582(c)(1)(A) exhaustion requirement. [DN 44 at 205]. In the early stages of the COVID-19 pandemic, courts were split on whether there was authority to waive the exhaustion requirement. *See United States v. Tardif*, 2020 WL 1955302 *2 (D. Me. July 13, 2020) (collecting cases). The Sixth Circuit addressed this issue in *United States v. Alam*. In *Alam*, the Court stated an inmate "must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison." 960 F.3d 831, 833–34 (6th Cir. 2020) (internal quotations omitted). In support, the Court stated:

> "Even if federal courts possessed a general power to create equitable carveouts to statutory exhaustion requirements, Alam does not show why an exception would make sense in the context of this statute. Remember that Congress made compassionate release available only to elderly prisoners and those with "extraordinary and compelling" reasons for release. 18 U.S.C. § 3582(c)(1)(A). For such prisoners, time usually will be of the essence. That would make nearly every prisoner eligible to invoke "irreparable harm" and eligible to jump the line of applications—making the process less fair, not more fair."

*Id.* at 835. This Court "must strictly enforce statutory limits on the timing of a claim's filing." *Id.* at 839. Therefore, Defendant's motion must be denied.

Moreover, even if Defendant properly exhausted his administrative remedies, he is not entitled to compassionate release due to the absence of extraordinary and compelling reasons related to his medical condition and the coronavirus.

## II. Extraordinary and Compelling Reasons

In support of his motion, Defendant argues the presence of COVID-19 at FCI Elkton in Lisbon, Ohio, his age (seventy-nine years old), and medical issues consisting of high blood pressure, a dislocated hip, and partial deafness are extraordinary and compelling reason for his release. [DN 44 at 198]. The government argues that Defendant does not have a serious medical condition warranting release and "while Burnham's age, 79, places him at a higher risk of medical issues, there is simply no evidence that BOP is unable to provide adequate care." [DN 48 at 217].

As of today, November 30, 2020, FCI Elkton has 1,457 total inmates (1,119 at FCI and 338 at FSL).[1] There are three inmates and nine staff members with confirmed active cases of COVID-19.[2] Nine inmates have died and 899 have recovered. Defendant's medical records indicate that he tested positive for COVID-19 on May 23, 2020. [DN 51 at 295–96, 338]. He was asymptomatic and placed in isolation on May 24, 2020. *Id.* at 295. Defendant did not mention this in his motion filed in June. Even though there are positive cases at this facility, there is no uncontrolled outbreak. Further, Defendant's medical records show that the BOP has made significant efforts to provide meaningful care for Defendant, and FCI Elkton is equipped to meet his medical needs. *See generally Id.* at 295–355.

Defendant claims extraordinary and compelling reasons for a sentence reduction. However, a sentence reduction must be consistent with the Sentencing Commission policy which focuses on

---

[1] https://www.bop.gov/locations/institutions/elk/.
[2] https://www.bop.gov/coronavirus/.

community safety. *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). The Court is troubled by the fact that Defendant could be a danger to the safety of other persons in the community. The Sentencing Guidelines state that compassionate release is appropriate only where "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). "Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger." *Willis*, 382 F.Supp.3d at 1188.

Here, Defendant's criminal history includes the crimes of receiving and possessing child pornography, unlawful sexual contact with a minor, possession of sexually explicit material, and sexual abuse of a minor. Defendant is a lifetime registrant on the Kentucky Sex Offender Registry. [DN 48 at 215]. In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. The "nature and circumstances" of Defendant's crimes weigh against relief. 18 U.S.C. § 3553(a)(1).

Further, the Court must weigh the sentencing factors in 18 U.S.C. § 3553(a) to determine whether Defendant's sentence should be reduced. *Willis*, 382 F.Supp.3d at 1188. Pursuant to § 3553(a), a court imposing a sentence shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

>(3) the kinds of sentences available;
>
>(4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
>
>(5) any pertinent policy statement . . . by the Sentencing Commission;
>
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, the first two factors weigh heavily against compassionate release. Defendant was sentenced to 180 months for receiving and possessing child pornography. Defendant has served approximately 78 months of his sentence; and as mentioned above, in addition to the crimes he is currently serving time for, Defendant was previously convicted of unlawful sexual contact with a minor, possession of sexually explicit material, and sexual abuse of a minor while living in Maine.

The Court finds that Defendant's pre-confinement "history and characteristics" do not support relief; and reducing his sentence would minimize the nature and seriousness of the offense and would fail to afford adequate deterrence to criminal conduct. Moreover, the Court believes that the current 180-month sentence is necessary to protect the public and granting a sentence reduction would be unjust in light of the danger that Defendant poses to the safety of others or to the community.

In addition to the factors set forth in 18 U.S.C. § 3553(a) that weigh against relief, the Court finds that Defendant's age, current medical condition, and the COVID-19 pandemic do not rise to the level of "extraordinary and compelling reasons" warranting compassionate release. Defendant is in a facility that has adequately addressed his medical needs and can take good care of him

should he get COVID-19 a second time and need it. Thus, the Court finds that compassionate release is not appropriate in this case.

## CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, [DN 44], is **DENIED.**

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 3, 2020

CC: **Gerald Burnham**
14658-033
ELKTON
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 10
LISBON, OH 44432
PRO SE

**Jo E. Lawless**
U.S. Attorney Office – Louisville
717 W. Broadway
Louisville, KY 40202
502-625-7065
Fax: 502-582-5097
Email: jo.lawless@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*